**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

IGNATIUS GOETZ,

                Plaintiff,

    v.

DALE HILLER,

                Defendant

Case No. 1:20-cv-05167

(Cook County No. 2020L007879)

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1441, 1446, and 1332, Defendant Dale Hiller hereby gives notice of removal of the above-captioned action from the Circuit Court of Cook County, Illinois, County Department, Law Division, to the United States District Court for the Northern District of Illinois, Eastern Division.

In support of Defendant's Notice of Removal, Defendant states as follows:

### PROCEDURAL HISTORY

1. On July 27, 2020 Plaintiff Ignatius Goetz commenced this action in the Circuit Court of Cook County, Illinois, County Department, Law Division under the caption *Ignatius Goetz v. Dale Hiller*, Case No. 2020L007879.

2. On August 4, 2020, Defendant Hiller was served with the complaint by the El Paso County, Colorado Sheriff's Civil Unit. A true and correct copy of the Complaint and summons, as served on Defendant Hiller, is attached as **Exhibit A**. A true and correct copy of the proof of service upon Defendant Hiller is attached as **Exhibit B**.

1

## PARTIES

3. Plaintiff Ignatius Goetz is a citizen of Illinois, residing and employed in Cook County.

4. Defendant Dale Hiller is a citizen of Colorado, residing in Colorado Springs, Colorado, and has never been a resident or citizen of Illinois.

## BASIS FOR REMOVAL JURISDICTION

5. A defendant may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a).

6. This Court has original jurisdiction over these proceedings under 28 U.S.C. § 1332(a)(1) because Plaintiff and Defendant Hiller are citizens of different states and the amount in controversy exceeds $75,000.

7. Where, as in Illinois, plaintiffs are prohibited from pleading a specific *ad damnum* and must instead plead only a jurisdictional amount, courts look to other evidence of the amount in controversy, including admissions from the plaintiff. *Roman v. Grafton Transit*, 948 F. Supp. 736, 738–39 (N.D. Ill. 1996). If a plaintiff wishes to defeat federal jurisdiction, they may file a binding stipulation or affidavit limiting their recovery to no more than $75,000 prior to removal. *Walton v. Bayer Corp.*, 643 F.3d 994, 998 (7th Cir. 2011).

8. On August 6, 2020, counsel for Defendant Hiller asked Plaintiff's counsel via email whether he would be willing to file a binding stipulation limiting any recovery to no more than $75,000, exclusive of costs and interest. Plaintiff's counsel replied the same day, confirming that Plaintiff will seek more than $75,000 in damages. A true and correct copy of this correspondence is attached as **Exhibit C**.

2

9.  Accordingly, the amount in controversy requirement of 28 U.S.C. § 1332(a) has been
    met.

## REMOVAL TO THE NORTHERN DISTRICT OF ILLINOIS IS PROPER

10. This Court is a proper venue for this action because the Eastern Division of the United
    States District Court for the Northern District of Illinois embraces Cook County, where
    the State court action was pending. *See* 28 U.S.C. § 1441(a).

## TIMELINESS OF REMOVAL

11. Defendant Hiller was served with the complaint in this action on August 4, 2020 and
    learned that the amount in controversy exceeds $75,000 on August 6, 2020.

12. This Notice of Removal has been filed within 30 days of learning that the amount in
    controversy requirement was met, and therefore is timely pursuant to 28 U.S.C. §
    1446(b).

## NOTICE TO STATE COURT AND PLAINTIFF

13. This Notice of Removal will be filed with the Clerk of the Circuit Court of Cook
    County, Illinois, County Department, Law Division, and promptly served upon
    Plaintiff's counsel.

For the foregoing reasons, the case now pending in the Circuit Court of Cook County,
Illinois, County Department, Law Division, Case No. 2020L007879, is hereby removed to
the United States District Court for the Northern District of Illinois.

Dated: September 2, 2020                           Respectfully Submitted,

                                                   By:  /s/ Ari Z. Cohn_____

Ari Z. Cohn (#6303077)
5315 N. Clark St., Suite 152
Chicago, Illinois 60640
Telephone: (312) 262 – 2090
Email: attorney@aricohn.com

*Attorney for Dale Hiller*

## CERTIFICATE OF SERVICE

I, Ari Z. Cohn, hereby certify that on September 2, 2020, I electronically filed the foregoing

Notice of Removal using the CM/ECF system, which will send notification of such filings

to all attorneys of record, and further caused a true and caused a true and correct copy to be

served upon the below-identified counsel via email, at the following address:

Joseph Miroballi, Esq.
MDR LAW LLC
180 N. LaSalle St., Suite 3650
Chicago, Illinois 60601
Telephone: (312) 229-5555
Email: joe@mdr-law.com

*Counsel for Plaintiff*

Dated: September 2, 2020                          Respectfully Submitted,

                                                  By:  /s/ Ari Z. Cohn

                                                  Ari Z. Cohn (#6303077)
                                                  5315 N. Clark St., Suite 152
                                                  Chicago, Illinois 60640
                                                  Telephone: (312) 262 – 2090
                                                  Email: attorney@aricohn.com

                                                  *Attorney for Dale Hiller*