IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IGNATIUS GOETZ,<br><br>               Plaintiff,<br><br>v.<br><br>DALE HILLER,<br><br>               Defendant | Case No. 1:20-cv-05167<br><br>Hon. Mary M. Rowland<br><br>Magistrate Judge Hon. Susan E. Cox |

**<u>DEFENDANT'S REPLY IN SUPPORT OF HIS MOTION TO DISMISS</u>**

Defendant Dale Hiller, respectfully submits this Reply in Support of his Motion to Dismiss, and states as follows:

Plaintiff's Response in Opposition to Defendant Dale Hiller's Motion to Dismiss misapprehends Defendant's arguments, the relevant law, and federal pleading standards, and thus fails to adequately address Defendant's arguments. Accordingly, for the reasons stated below and in Defendant's motion to dismiss and memorandum in support thereof, this Court should dismiss Plaintiff's complaint.

**I. THE RULE OF INNOCENT CONSTRUCTION BARS PLAINTIFF'S DEFAMATION *PER SE* CLAIM**

Plaintiff's opposition (Pl. Opp'n.) to Defendant Hiller's motion to dismiss appears to attack an argument that Defendant does not make: that the rule of innocent construction precludes *any* defamation claim from Plaintiff. *See, e.g.*, Pl. Opp'n. at 6 ("To [dismiss the complaint pursuant to the rule of innocent construction] would afford the Defendant the opportunity to . . . be insulated from any liability."). But Defendant has made no such

1

argument. Rather, Defendant argues that because Plaintiff relies on a non-explicit defamatory inference that is reasonably susceptible to a non-defamatory interpretation, the rule of innocent construction requires dismissal of Plaintiff's defamation *per se* claim (and therefore his false light claim as well). Whether Plaintiff can adequately plead defamation *per quod* is not before the court, as Plaintiff has confirmed that he only asserts a claim for defamation *per se*. Pl. Opp'n at 4.

### A. Plaintiff misunderstands *Wilson* and its application of the rule of innocent construction

Plaintiff asserts, curiously, that *Wilson v. Arts & Entertainment Network*, 1998 U.S. Dist. LEXIS 15747 (N.D. Ill. 1998) is inapposite because it "relies heavily" on the district court's holding in *Saenz v. Playboy Enterprises, Inc.*, 563 F. Supp. 552 (N.D. Ill. 1987)—later rejected by the Seventh Circuit—that in order to maintain a defamation claim, a public official must show "an explicit charge specifically directed at him . . . with convincing clarity." *Saenz*, 563 F. Supp. at 560.

But the court in *Wilson* did not rely on the district court's decision in *Saenz*. Much the opposite, the court expressly based its rejection of the defendant's argument that the plaintiff had to show an "explicit charge" on the Seventh Circuit's disapproval of the district court's approach in *Saenz*:

> Here, the program alleged that unnamed law enforcement officials were corrupt. However, Wilson alleges that the program contained more than an impersonal attack on the integrity of unnamed police officers or a police department in general. By juxtaposing the voice-over about corruption with the interview of Wilson, the program arguably encouraged the inference that Wilson himself was corrupt. This falls short of the "explicit charge" standard suggested by the district court in Saenz, but drawing all inferences in favor of the plaintiff, it is the type of insinuation that the Seventh Circuit suggested could be actionable.

*Wilson*, 1998 U.S. Dist. LEXIS 14747 at *7.

Moreover, *Wilson*'s treatment of the *Saenz* decisions is irrelevant to this case. Defendant has not argued that Plaintiff must show an "explicit charge," nor has Defendant argued that Plaintiff cannot maintain any defamation action at all, as the defendant in *Wilson* did.

Instead, the salient holding from *Wilson* is its application of the rule of innocent construction, which relates solely to whether Plaintiff may bring a claim for defamation *per se* instead of defamation *per quod* and is separate and distinct from the issues discussed in *Saenz*.

After declining the defendant's request to impose the "explicit charge" rule in light of the Seventh Circuit's admonition in *Saenz*, the *Wilson* court nevertheless dismissed the plaintiff's complaint, acknowledging that when a plaintiff brings a claim involving a defamatory implication rather than an explicit statement of fact about him, the rule of innocent construction bars a claim for defamation *per se* where the statement could be reasonably interpreted in a non-defamatory manner:

> Here, the allegedly defamatory corruption charge could reasonably be interpreted as referring to persons other than Wilson. The voice-over stating that "those who enforced the law were the cheapest to buy" does not explicitly claim that Wilson was corrupt. The juxtaposition may permit such an inference, but it is reasonable to believe that the narrator is indicating that law enforcement officials other than Wilson were corrupt.
>
> While the innocent construction rule prevents Wilson from maintaining an action for defamation per se against A&E, it does not bar Wilson from bringing an action for defamation per quod.

1998 U.S. Dist. LEXIS 14747 at *11.

Plaintiff's attempt to distinguish the court's decision in *Wilson* is based on a fundamental misunderstanding of Defendant's argument and the application of the rule of innocent construction. As discussed immediately below and in Defendant's motion to dismiss, because—similar to the facts in *Wilson*—Defendant's video did not make an explicit statement about Plaintiff and can be reasonably interpreted in a non-defamatory way, Plaintiff's claim for defamation *per se* must fail.

### B. Plaintiff's Focus on the Commercial Break is Misplaced

Plaintiff attempts to avoid the rule of innocent construction by incorrectly asserting both that Defendant's video does not contain a commercial break in between its two segments, and that Defendant's argument is dependent on this fact. Neither argument avails Plaintiff.

Contrary to Plaintiff's assertion, the Defendant's video does indeed contain a commercial break. Advertising breaks are not part of YouTube videos themselves. Rather, a video's creator inserts a marker at which point YouTube plays an advertisement from one of its advertising partners. Defendant placed such a marker at four minutes and two seconds into the video, directly between his discussion of the officer who made the gesture towards protesters, and his discussion of the CPDP website and Plaintiff's personnel record. *See* Exhibit A at page 2.[1] To the extent that Plaintiff believes that no such commercial break is present in the video, it may be the result of ad-blocking software installed within the browser

---

[1] As discussed *infra* at pages 8–9, Defendant has attached correspondence, for the purpose of providing context and clarity, in response to Plaintiff's assertion of vague new factual allegations that refer to this correspondence for the first time in his opposition to Defendant's motion to dismiss. Included in that correspondence is discussion of the commercial break issue. Should the Court choose to disregard Plaintiff's new allegations for the purposes of ruling on Defendant's motion to dismiss, Defendant does not object to the Court disregarding his own reference to that correspondence here.

it was viewed on, or due to the fact that YouTube's algorithms do not play the advertisement upon every view of the video.[2]

Plaintiff is also incorrect in his belief that Defendant's application of *Wilson* and the rule of innocent construction is dependent on the existence of a commercial break in the video. While surely the presence of such a break helps to more clearly separate and distinguish the two segments of the video, even assuming, *arguendo*, that there is no break, the rule of innocent construction still bars Plaintiff's defamation *per se* claim. Indeed, in *Wilson* the narration containing the defamatory implication played at the exact moment that the plaintiff's image and name appeared on the program, and still the court found that the rule of innocent construction barred a claim for defamation *per se*. 1998 U.S. Dist. LEXIS 15747 at *10–*11. Here, Defendant did not overlay Plaintiff's name or CPDP profile while discussing the officer who made the gesture towards protesters. Instead, he discussed Plaintiff only after a verbal segue that clearly indicated to viewers that he was discussing a separate topic and did not again refer to the gesture incident. The juxtaposition in this case is greater than that in *Wilson* even if the video did not contain a commercial break. Even if, as Plaintiff claims, one reasonable interpretation is that Defendant implicated Plaintiff in the gesture incident, it is not the *only* reasonable interpretation, and "any reasonable, innocent interpretation sounds the death knell to a per se defamation claim." *Lott v. Levitt*, 469 F. Supp. 2d 575, 569 (N.D. Ill. 2007).

Plaintiff's attempts to avoid the rule of innocent construction and distinguish the court's holding in *Wilson* are unfounded and based on a fatal misunderstanding of the facts,

---

[2] YouTube Help: Ads aren't showing on my video, https://support.google.com/youtube/answer/117739 (last visited Oct. 30, 2020).

Defendant's argument, and the relevant law. Defendant never stated that Plaintiff was the officer involved in the gesture incident, nor did he imply it. Because the defamatory implication that Plaintiff alleges is at most one of multiple reasonable interpretations, the rule of innocent construction bars his defamation *per se* claim and requires him to instead plead defamation *per quod*. Accordingly, this Court should dismiss Plaintiff's complaint.

## II. Plaintiff Has Not Adequately Pled Actual Malice

Defendant has not made a false statement of fact of or concerning Plaintiff, and the rule of innocent construction plainly bars a claim for defamation *per se* on the facts at issue, as discussed above. But even if this Court were to hold otherwise, Plaintiff's complaint still fails because he has not pled actual malice in accordance with federal pleading standards.

Contrary to Plaintiff's assertion, the "no set of facts" test of *Conley v. Gibson*, 355 U.S. 41 (1957), has not supplied the federal pleading standard for more than a decade. *See Levan Galleries LLC v. City of Chicago*, 790 Fed. App'x. 834, 835 (7th Cir. 2020) (explaining that the "no set of facts" test has been replaced by the plausibility standard). Rather, a complaint must allege enough facts "to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for this misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Accordingly, Plaintiff must plead *facts* sufficient to render plausible his allegation that Defendant acted with actual malice. He has failed to do so.

Plaintiff's complaint asserted only a bare conclusory statement that Defendant acted "with knowledge that the statements were false and/or published with a reckless disregard

6

for truth." Compl. ¶ 15. This bare recitation of an element of defamation is plainly insufficient to satisfy Plaintiff's requirement to plead facts rendering his claim plausible.

Nevertheless, Plaintiff contends that his complaint adequately pled actual malice. While Plaintiff properly recites the law regarding actual malice, he misapprehends what constitutes a factual allegation sufficient to support an inference of actual malice. In support of his argument, Plaintiff relies primarily upon supposition, conclusory assertions, and irrelevancies. Plaintiff's brief alleges that "Defendant's investigation clearly revealed both insufficient information and creates a substantial doubt as to the truth of those accusations" and that "Defendant unequivocally had a serious doubt as to the proper identity of the Police Officer making profane gestures towards the protestors, as would any reasonable person." Pl. Opp'n. at 10–11. These are speculative conclusions; they are not facts that render Plaintiff's claim plausible.

Plaintiff also argues that Defendant "had to have a serious doubt as to the identity of the Officer" because the officer seen making the gesture on video had a portion of his face covered, and because "[t]here is no reasonable evidence that Defendant could have used in order to determine the identity of the unidentified Police Officer." But as Plaintiff acknowledges in his brief, actual malice is assessed subjectively. The inquiry is not whether a reasonable person would have had serious doubt as to the accuracy of his statements or that Plaintiff believes it would have been unreasonable not to doubt their accuracy. *See Triestman v. Turkheimer*, No. 19-cv-03081, 2020 U.S. Dist. LEXIS 138863 at *5–*6 (N.D. Ill. Aug. 4, 2020) ("That an editor or reporter should have known or should have doubted [the] accuracy of an article before publishing it is insufficient to show reckless disregard for the truth.") (quoting *Lee v. TMZ Prods., Inc.*, 710 Fed. App'x. 551, 560 (3d Cir. 2017) (quotation

7

marks omitted). Rather, the inquiry is whether Defendant *actually* entertained serious doubts as to the veracity of his statement *at the time of publication*. Whether or not Plaintiff believes that there was sufficient evidence from which Defendant could draw a conclusion is irrelevant to the question of Defendant's actual state of mind at the time of publication. Nor can Plaintiff satisfy his pleading obligations by simply asserting that a finding of no actual malice would "defy logic." Plaintiff must plead factual material, not his own subjective feelings.

Finally, Plaintiff attempts to save his complaint by vaguely referring to a new factual allegation—an effort that this Court should reject. "Consideration of a motion to dismiss is limited to the pleadings." *Thomason v. Nachtrieb*, 888 F.2d 1202, 1205 (7th Cir. 1989). Plaintiff's brief alleges: "Per the correspondence, Defendant stated 'I do not know which officer Goetz is shown in the video flipping off the citizens…'" But Plaintiff's complaint makes no reference to any such correspondence or statement by Defendant. Nor does Plaintiff bother to explain what "the correspondence" is in his brief.

If Plaintiff, however incorrectly, believed that he can allege sufficient facts to successfully plead actual malice, he should have made those allegations in his original complaint, or availed himself of Fed. R. Civ. P. 15(a)(1)(B) and amended his complaint after Defendant served his motion to dismiss. Not only did Plaintiff fail to do so, but in raising this new factual allegation for the first time in his brief, Plaintiff even failed to attach the correspondence he refers to as an exhibit to his brief or provide any details or context whatsoever. Plaintiff is not entitled to simply state "per the correspondence" with respect to new factual material that he has not previously mentioned, provide an out-of-context

quotation, and thus plead a new fact to avoid dismissal of his complaint. For that reason, this Court should disregard Plaintiff's new, vague factual allegation.

If this Court elects not to disregard Plaintiff's reference to extraneous material, the context of the correspondence Plaintiff refers to makes clear that it is of no avail, as it does not relate to Defendant's state of mind at the time of publication. Because that context is crucial if the court is to consider this new allegation, a true and correct copy of the relevant correspondence between Counsel for Plaintiff and Defendant Hiller is attached as **Exhibit A.**

The statement quoted by Plaintiff occurred in response to a retraction demand, after Plaintiff's counsel told Defendant that the officer involved in the gesture incident was not Plaintiff. Accordingly, the statement quoted by Plaintiff relates only to Defendant's state of mind after being informed of possible falsity, *not* at the time of publication. In *Pippen v. NBCUniversal Media*, the Seventh Circuit expressly held that proof of state of mind after a retraction demand is insufficient to survive a motion to dismiss:

> The Supreme Court also has said that HN9 actual malice cannot be inferred from a publisher's failure to retract a statement once it learns it to be false. *New York Times*, 376 U.S. at 286. Thus the fact that Pippen alerted the defendants by email after publication that he had not entered bankruptcy does not help him establish actual malice at the time of publication. And Illinois has adopted the Uniform Single Publication Act, 740 ILCS 165/1, which provides that a claim for relief for defamation is complete at the time of first publication; later circulation of the original publication does not trigger fresh claims.

734 F.3d 610, 614–15 (7th Cir. 2013).

Thus, even if this Court does consider Plaintiff's new factual allegation, presented for the first time in Plaintiff's brief without context or detail, it is insufficient to raise a plausible

inference of actual malice. Because Plaintiff still has not alleged any *facts* that would make plausible his allegation that Defendant published a defamatory statement with actual malice, this Court should dismiss the complaint.

## **CONCLUSION**

For the foregoing reasons, and the reasons discussed in his motion to dismiss and memorandum in support thereof, Defendant Dale Hiller respectfully requests that the Court dismiss Plaintiff's complaint.

Dated: October 30, 2020                                Respectfully Submitted,

By: /s/ Ari Z. Cohn

Ari Z. Cohn (#6303077)
5315 N. Clark St., Suite 152
Chicago, Illinois 60640
Telephone: (312) 262 – 2090
Email: attorney@aricohn.com
***Attorney for Dale Hiller***

# CERTIFICATE OF SERVICE

I, Ari Z. Cohn, an attorney, hereby certify that on October 30, 2020, I electronically filed the foregoing **Defendant's Reply in Support of His Motion to Dismiss** using the CM/ECF system, which will send notification of such filings to all attorneys of record.

Dated: October 30, 2020

Respectfully Submitted,

By: /s/ Ari Z. Cohn

Ari Z. Cohn (#6303077)
5315 N. Clark St., Suite 152
Chicago, Illinois 60640
Telephone: (312) 262 – 2090
Email: attorney@aricohn.com

***Attorney for Dale Hiller***